**PETER KIEWIT SONS' CO., a foreign corporation, Plaintiff and Appellant,**

v.

**The STATE of North Dakota and Curtis Olson, as State Auditor of the State of North Dakota, Defendants and Respondents.**

No. 7899.

Supreme Court of North Dakota.

Aug. 17, 1962.

**620**

Jansonius, Fleck, Smith, Mather & Strutz, Bismarck, for appellant.

Leslie R. Burgum, Atty. Gen., and Paul M. Sand, Asst. Atty. Gen., Bismarck, for respondents.

SATHRE, Chief Justice.

The plaintiff is a Nebraska Corporation engaged in construction work. In 1958 the plaintiff had a contract with the U. S. Army Engineer District, Omaha Corps of Engineers, for construction of the operational apron of the Minot Air Force Base, North of Minot, North Dakota. The contract price was paid from funds appropriated by Congress for that purpose. In the construction work plaintiff used various types of machinery and equipment such as tractors, patrols, rollers, scrapers and other machinery necessary in such construction work. These items of machinery were powered by motors using special fuel. The construction work was done during the month of April 1958.

The plaintiff purchased and used 57,900 gallons of special fuel as defined in subsection 4 of Section 57–52–03 NDCC 1943 upon which it paid a tax of six cents per gallon imposed by Section 57–5204, 1957 Supp. NDRC 1943, a total of $3474.00, which sum is claimed as a refund under the provisions of Section 57–5204, 1957 Supp. NDRC 1943 which is as follows:

"There is hereby levied and imposed an excise tax of six cents per gallon on the sale or delivery of special fuel to any special fuel user, except that special fuel to be used for heating, agricultural or railroad purposes shall be exempt from the tax imposed by this chapter. Said tax shall attach at the time of sale, delivery, or transfer of title of such special fuel to a special fuel user. Such tax shall be collected from the special fuel user by the special fuel dealer and paid over to the state auditor as hereinafter provided. The tax imposed herein shall be refundable when used for industrial or other nonhighway purposes, and the provisions and procedures of chapter 57–50

relating to the refund of motor fuel taxes shall apply to the tax imposed by this chapter."

The plaintiff also purchased and used 56,071 gallons of special fuel as defined by Subsection 2 of Section 57–43–01 upon which it paid taxes of three cents, two cents and one cent per gallon imposed and levied respectively by Sections 57–4106, 57–4302, and 57–4809, 1957 Supp. 1943, in all six cents per gallon or a total of $3364.26 which is also claimed as refund.

Section 57–50–01 CC provides as follows:

"Any person who shall buy or use any motor vehicle fuel as defined in subsection 2 of section 57–41–01, for agricultural or industrial purposes, except motor vehicle fuel used in motor vehicles operated or intended to be operated in whole or in part upon any of the public highways of the state of North Dakota on which the motor vehicle fuel tax has been paid, shall be reimbursed or repaid within the time hereinafter provided, the amount of such tax paid by him upon the presentation to and the approval of the state auditor of a claim for refund."

A claim for refund was filed with the State Auditor, but the claim was rejected and the plaintiff brought this action in the district court of Burleigh County for a declaratory judgment declaring that plaintiff is entitled to a refund of the fuel tax paid.

The trial court found for defendants and held that the Minot Air Force Base may be classified as an airport under the provisions of Section 57–5005, 1957 Supp. NDRC 1943; that the funds appropriated by Congress for payment of the cost of construction of said Air Force Base are public funds, and that the plaintiff is not entitled to refund of the taxes paid on the fuel utilized in the construction thereof.

Judgment was rendered accordingly denying plaintiff's claim for refund, and plaintiff appealed.

Plaintiff contends that the trial court erred in determining:

(1) That the Minot Air Force Base may be classified as an airport within the meaning of Section 57–50–05 CC.

(2) That the funds appropriated by Congress for payment of the construction of the Minot Air Force Base are public funds within the meaning of Section 57–50–05 CC.

Said Section is as follows:

"When any construction, reconstruction or maintenance of a public road, highway, street or airport is undertaken by the state or any county, city, village, township, park district or other municipality in the state and where public funds of the state, county, city, village, township, park district or other municipality are directly used for the purchasing of motor vehicle fuel to be used in publicly owned vehicles for such construction, reconstruction or maintenance, such motor vehicle fuel shall be subject to a refund of the tax paid thereon as provided for in this chapter and under the same terms and conditions. No tax refund shall be paid any person, firm or private corporation on any motor vehicle fuel used in the construction, reconstruction or maintenance of a public road, highway, street or airport, which construction or maintenance work is paid for from pubic funds."

The plaintiff-appellant argues that the Minot Air Force Base is not an airport as contemplated by Section 57–50–05 CC quoted herein. The Minot Air Force Base is the property of the United States Government Air Force. It was constructed as a military installation to be used as a means of defense of the nation and the protection of its people in time of war or attack by enemy countries. Webster's Third New International Dictionary defines air base and airport as follows:

Air Base: "a base of operations for military aircraft and for the housing

and repairing of the craft, the storage of munitions, the housing of aviation personnel, and the administrative center of control over the operations of the aircraft."

Airport: "a tract of land or water that is adapted and maintained for the landing and takeoff of aircraft and at which facilities for their shelter, supply, and repair are provided : a terminal point for air passengers and cargo."

The purposes for which airports and air bases are constructed and maintained differ materially. An airport is a terminal point for passenger travel and for transportation of merchandise by air. Section 2–03–07 CC provides that "Aircraft carrying passengers or property for hire shall be deemed common carriers and shall be subject to all of the rules applicable thereto." The Minot Air Force Base however, is a Federal Government installation constructed and maintained as a means of defense in case of war or attack by hostile nations. It is not open for public use either for travel, or for transportation of merchandise. It is clear therefore that it may not properly be classified as an airport within the meaning of Section 57–50–05 CC.

Plaintiff next argues that the funds appropriated by Congress for construction of the Minot Air Force Base are not public funds as contemplated by Section 57–50–05 CC. Said Section has reference to "construction, reconstruction or maintenance of a public road, highway, street or airport * * * where public funds of the state, county, city, village, township, park district or other municipalities are directly used for purchasing of motor fuel to be used in publicly owned vehicles for such construction, reconstruction or maintenance, such motor fuel shall be subject to a refund of the tax paid thereon as provided for in this Act and under the same terms and conditions."

The trial court held that the construction of the Minot Air Force Base was paid for from public funds. The last sentence of Section 57–50–05 CC, however provides that "no tax refund shall be paid to any person, firm or private corporation on any motor vehicle fuel used in construction, reconstruction or maintenance of a public road, highway, street or airport, which construction or maintenance work is paid for from public funds."

Plaintiff's contention is that the words "public funds" as used in Section 57–50–05 CC have reference only to the funds specified in Section 57–50–05 CC and do not include funds appropriated by the Federal Government and that the plaintiff is entitled to a refund of the taxes paid upon the fuel used in the construction of the air base.

It will be noted that the Statute refers specifically to funds of the State, any County, Village, City, Township, Park District or any municipality of the State. It provides that where public funds of the State, County, City, Village, Township, Park District or other municipalities are directly used for the purchasing of motor vehicle fuel to be used in publicly owned vehicles for such construction, reconstruction or maintenance, such motor fuel shall be subject to a refund of the tax paid thereon as provided in the Act and under the same terms and conditions. It seems clear that the words "public funds" as used in the last sentence of said Section 57–50–05 NDCC can have reference only to the funds which are specified in the Statute as funds of the State and its municipalities.

We conclude therefore that the words "public funds" as used in the last sentence of said Section 57–50–05 NDCC, have reference only to the specific funds mentioned in the Statute namely, funds of the State or any of its municipalities.

The cost of the construction and maintenance of the Minot Air Force Base was paid for from funds appropriated by the Federal Government. Such funds were not, therefore, public funds, within the meaning of provisions of Section 57–50–05 NDCC.

■ Sections 57–52–04 NDCC and 57–50–01 NDCC quoted herein provide that the taxes imposed on the special motor vehicle fuel defined therein shall be refundable when used for industrial agricultural or other non-highway purposes. The plaintiff in the instant case is a contractor engaged in construction work and was therefore engaged in an industrial pursuit when he constructed the Minot Air Force Base, and the special motor vehicle fuel was used for industrial purposes.

Upon the record before us it is clearly established that the plaintiff is entitled to refund of the taxes paid thereon.

The judgment of the district court is reversed and the case remanded with directions to enter judgment in accordance with this opinion.

TEIGEN, BURKE, MORRIS and STRUTZ, JJ., concur.